IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARILUNA ROMAN-RODRIGUEZ [2],<br><br>Defendant. | CRIMINAL NO. 10-340 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Mariluna Román-Rodríguez was charged in Counts One thru Twenty-Two of an Indictment and she agreed to plead guilty to Count One of the Indictment. Count One charges that, in or about November 2004, through in or about February 2009, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants herein, did knowingly and willfully combine, conspire, confederate and agree, with each other and others known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud, BBVA, Doral, Eurobank, Oriental, R&G, Scotiabank, and Westernbank, each of which is a federally insured financial institution, and to obtain monies and funds owned by, and under the custody and control of, these financial institutions, in violation of Title 18, United States Code, Section 1344(1), (2), and 1349.

On April 30, 2012, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

<u>United States of America v. Mariluna Román-Rodríguez [2]</u>
Criminal No. 10-340 (DRD)
Report and Recommendation
Page 2

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsels, Raúl Mariani-Franco and Guillermo Ramos-Luiña, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representatives and had time to discuss with them all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Ramos-Luiña and Mariani-Franco, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The penalty for the offense charged in Count

United States of America v. Mariluna Román-Rodríguez [2]
Criminal No. 10-340 (DRD)
Report and Recommendation
Page 4

One is a term of imprisonment of not more than thirty (30) years, a fine not to exceed one million dollars ($1,000,000.00), and a term of supervised release of not more than five (5) years in addition to any term of incarceration.

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement" pursuant to Rule 11(c)(1)(A) & (B) FRCP ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One,

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Mariluna Román-Rodríguez [2]
Criminal No. 10-340 (DRD)
Report and Recommendation
Page 5

the Base Offense Level is of Seven (7) pursuant to U.S.S.G. § 2B1.1(a)(1). Pursuant to U.S.S.G. § 2B1.1(b)(1)(J), an increase of twenty (20) levels is agreed for more than $2,500,000.00 but less than $7,000,000.00. Pursuant to U.S.S.G. § 3E1.1(a) & (b), a three (3) level decrease is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Four (24), yielding an imprisonment range of fifty-one (51) to sixty-three (63) months if the Criminal History Category is I.

After due consideration of the relevant factors enumerated in Title 18, <u>United States Code</u>, Section 3553(a), as well as the evidence in this case and the individual role the defendant played in the overall conspiracy, the parties agree that a sentence within the above guideline range would be greater than necessary. Therefore, the parties recommend a sentence of Time Served followed by two (2) years post release supervision.[3] At sentencing, the government will move to dismiss all remaining counts of the indictment as they pertain to the defendant.

There parties do not stipulate any assessment as to the defendant's Criminal History Category.

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level pursuant to any guideline or statute shall be sought by the parties. The parties agree the Specific Sentence Recommendation is reasonable and will not argue anything to the contrary.

---

[3] Time Served would be whatever amount of time the defendant spent in custody upon arrest.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts" which defendant did not sign. Defense counsel explained defendant was in agreement with most of the "Stipulation of Facts" of the government with the exception of some changes proffered verbally by defense counsel.  Defendant acknowledge the truth of the "Stipulation of Facts" as amended verbally which contains the elements of the offense and provides a proper factual basis for the entering of the plea.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea.  Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant

was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph seventeen (17) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged Defendant waived the reading of the Indictment in open court because she is aware of its content, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One, and was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 10–340 (DRD).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 10-340 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be schedule promptly, before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 30th day of April of 2012.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE